UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BELKNAP, | ) | CASE NO. 5:14cv952 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | |
| DAVE LAUTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is *pro se* defendant Dave Lauter's ("defendant" or "Lauter") notice of removal filed pursuant to 28 U.S.C. §§ 1441 and 1446. Lauter asserts that removal of this action is warranted based upon federal question jurisdiction.

**I.   BACKGROUND**

On April 14, 2014, *pro se* plaintiff William R. Belknap ("plaintiff" or "Belknap") filed in Barberton Municipal Court a civil action against Dave and Donna Lauter alleging forcible entry and detainer for personal judgment. *See Belknap v. Lauter, et al.*, No. CVG 1400626 (Barberton Mun. Ct.) The state court complaint alleged that, on March 31, 2014, Belknap had served notice on the Lauters to vacate property he owns at 3352 Molly Drive, Green, Ohio. Belknap sought $4,218.00 in back rent and damages.

On May 2, 2014, defendant Dave Lauter filed a notice to remove Belknap's case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. No. 1.) Arguing that plaintiff's claim presents a federal question this Court is required to resolve, Lauter asserts that the

complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968." (Doc. No. 1 at 2.) He does not aver on what date he was served a copy of the summons and complaint, but claims he filed the notice within 30 days of "discovering that the case was ripe for removal." (Doc. No. 1 at 3.)

Although it appears the complaint may have been timely removed to this Court, *see* 28 U.S.C. § 1446(b), Lauter has failed to state facts demonstrating an entitlement to removal. For the reasons set forth below, the complaint is remanded to Barberton Municipal Court.

**II.    STANDARD OF REVIEW**

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). As courts of limited jurisdiction, federal district courts must proceed cautiously in determining whether they have subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996). "[D]ue regard" must be given to that power reserved to the states, under the Constitution, to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).

> A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549 (6th Cir.2006). "[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Long v. Bando Mfg. of Am.,* 201 F.3d 754, 758 (6th Cir.2000). Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law."

*Thornton v. Sw. Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

*Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999) (citing *Alexander*, 13 F.3d at 949).

**III.  REMOVAL IMPROPER**

Defendant claims that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Under the statute, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, and any action which could have originally been brought in federal court may be removed to federal court, 28 U.S.C. § 1441(a). "Since a defendant may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).

The complaint filed in state court alleges that the Lauters have unlawfully and forcibly detained plaintiff's premises at 3352 Molly Drive, Green, Ohio since September 11, 2013. On or about March 31, 2014, plaintiff served notice on the Lauters to vacate the premises. As of the date he filed his complaint in the municipal court, plaintiff alleges the defendants owe him $4,218.00 in back rent and damages for which he seeks a judgment with interest.

In support of removal, defendant argues he is a "bona fide tenant" who has been "late on rent in the past and Plaintiff always worked with Defendant." (Doc. No. 1 at 2). Defendant maintains that when plaintiff learned he was "diagnosed with a depression disorder, [however,] Plaintiff moved to evict Defendant." *Id.*

"[T]he 'arising under' gateway into federal court . . . has two distinct portals." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The gateway admits litigants whose causes of action are either created by federal law or implicate significant federal issues. *Id.* The "vast majority" of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action. *Id.* This is not one of those cases. Plaintiff's cause of action is not created by federal law, nor does he cite any federal statute. Therefore, the only question is whether his state-law claim implicates a significant federal issue.

Defendant asserts that the matter is properly removed to federal court because it depends on resolution of a substantial question of federal law. The Court can only presume that the "substantial question" to which defendant alludes is a disability discrimination claim. Because plaintiff has not referenced any federal law in his complaint, the defendant's assertion could only be characterized as an affirmative defense. But the Supreme Court has explicitly stated that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393 (emphasis in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 713 n. 7 (6th Cir. 2012).

Because the existence of a defense based upon federal law is insufficient to support removal jurisdiction, defendant has failed to meet his burden of showing federal question jurisdiction in this matter. Without a federal cause of action or a substantial federal issue,

plaintiff's complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, and removal, therefore, was not warranted.[1]

IV. **CONCLUSION**

For the foregoing reasons, the Court *sua sponte* remands this case to the Barberton Municipal Court. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[2]

**IT IS SO ORDERED**.

Dated: June 11, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes, for the record, that this matter also could not be properly removed to federal court on the basis of diversity jurisdiction, since both defendant and plaintiff are residents of Ohio.

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."